**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOAQUIN GARCIA ROSAS, | No. 11-72724 |
| Petitioner, | Agency No. A097-347-139 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2013**

Before:     SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Joaquin Garcia Rosas, a native and citizen of Mexico, petitions pro se for

review of an order of the Board of Immigration Appeals dismissing his appeal

from the removal order of an immigration judge ("IJ").  We have jurisdiction under

8 U.S.C. § 1252.  We review de novo due process claims and questions of law,

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004), and review for abuse of discretion the denial of a continuance, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam). We deny the petition for review.

The agency correctly concluded that Garcia Rosas's conviction for possession of marijuana for sale in violation of section 11359 of the California Health and Safety Code constitutes a conviction for an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). *See Rendon v. Mukasey*, 520 F.3d 967, 974 (9th Cir. 2008) ("[A] state drug crime is an aggravated felony if it would be punishable as a felony under the federal drug laws"). The agency also correctly concluded that Garcia Rosas's aggravated-felony conviction rendered him statutorily ineligible for cancellation of removal and voluntary departure. *See* 8 U.S.C. §§ 1229b(a)(3) (disqualifying aggravated felons from cancellation of removal), 1229c(b)(1)(C) (requiring a showing of good moral character to qualify for voluntary departure), 1101(f)(8) (precluding aggravated felons from demonstrating good moral character). The validity of this conviction is not properly before us. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011) ("A petitioner may not collaterally attack his state court conviction on a petition for review of a BIA decision.").

11-72724

Because Garcia Rosas is statutorily ineligible for the requested relief, he cannot demonstrate that the IJ erred or violated due process by pretermitting his applications without first conducting a merits hearing. *See Simeonov*, 371 F.3d at 538.

Garcia Rosas also has failed to demonstrate that the IJ abused his discretion or violated due process by not continuing the proceedings in order to afford Garcia Rosas an opportunity to seek post-conviction relief, because post-conviction relief remained speculative at the time of the hearing. *See Sandoval-Luna*, 526 F.3d at 1247 (identifying no abuse of discretion or due process violation from an IJ's refusal to continue proceedings when no relief was then immediately available).

**PETITION FOR REVIEW DENIED.**

11-72724