**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN FERNANDO LOZANO-SANTOS, | No. 13-72238 |
| Petitioner, | Agency No. A205-712-914 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Juan Fernando Lozano-Santos, a native and citizen of Honduras, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order denying his

motion to remand, and dismissing his appeal from an immigration judge's order of

removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to remand. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Lozano-Santos's motion to remand to apply for asylum, withholding of removal, and protection under the Convention Against Torture where he did not submit applications for relief, *see* 8 C.F.R. § 1003.2(c)(1); *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063-64 (9th Cir. 2008) (holding the BIA did not abuse its discretion in finding petitioner did not satisfy the procedural requirements for his motion, in part because petitioner failed to submit a "completed application for relief."), and failed to establish a prima facie case for relief, *see Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (petitioner bears the burden of proving the evidence would likely change the result in the case).

We lack jurisdiction to consider Lozano-Santos's unexhausted contention regarding his fear of harm and torture by government paramilitaries. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (court lacks jurisdiction to review claims not raised to the agency).

To the extent Lozano-Santos contends that he did not commit a drug offense and is attempting to have his conviction vacated, this conviction is final for immigration purposes and this challenge is not properly before us. *See Ramirez-*

*Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011) ("A petitioner may not collaterally attack his state court conviction on a petition for review of a BIA decision.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**