**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

NOV 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANGEL RIOS-GOMEZ, AKA Miguel Angel Rios Gomez, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-73717 <br><br> Agency No. A095-747-157 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015**

Before:    TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Angel Rios-Gomez, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") removal order.  Our jurisdiction is governed by

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252.  We review de novo constitutional claims.  *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).  We deny in part and dismiss in part the petition for review.

Rios-Gomez's contention that the IJ made allegedly incriminating comments off the record fails for lack of prejudice, where Rios-Gomez has not proffered the substance of those comments or explained how they affected the outcome of his proceedings.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

Rios-Gomez's contention that the BIA failed to consider all relevant evidence is not supported by the record, and any error that the IJ committed by allegedly misstating the number of prior voluntary departures Rios-Gomez received was corrected by the BIA on appeal.  *See id.*

We lack jurisdiction to review Rios-Gomez's remaining challenges to the agency's discretionary denial of voluntary because they do not constitute colorable constitutional claims or questions of law that would invoke our jurisdiction.  8 U.S.C. § 1252(a)(2)(B), (D).

To the extent Rios-Gomez contends he is eligible for cancellation of removal, the agency correctly determined his 2008 voluntary departure precluded his ability to establish the requisite ten years of continuous physical presence.  8

U.S.C. § 1229b(1)(A); *Vasquez-Lopez v. Ashcroft*, 343 F.3d 961, 973-74 (9th Cir. 2003) (per curiam).  To the extent Rios-Gomez contends he is eligible for adjustment of status, the agency properly concluded that he has not presented evidence of a pending or approved I-130 visa petition.  *See* 8 C.F.R. § 1245.1(a).

To the extent Rios-Gomez seeks asylum and related relief because he fears harm or torture if he returns to Mexico, we lack jurisdiction over these unexhausted claims because Rios-Gomez failed to apply for these forms of relief before the agency.  *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

The validity of petitioner's firearm conviction and the performance of his criminal defense counsel during his criminal proceedings are not properly before us.  *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011) ("A petitioner may not collaterally attack his state court conviction on a petition for review of a BIA decision").

Similarly, we do not consider the documents Rios-Gomez submitted for the first time with his opening brief.  *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (the court's review is limited to the administrative record).

Finally, to the extent petitioner requests a stay of removal, the request is denied as moot.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

13-73717