**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 18 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMILCAR BARQUERO TIJERINO, | No. 14-73263 |
| Petitioner, | |
| | Agency No. A014-557-416 |
| v. | |
| | MEMORANDUM[*] |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016[**]

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Amilcar Barquero Tijerino, a native and citizen of Nicaragua, petitions pro

se for review of the Board of Immigration Appeals ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") order of removal.  Our jurisdiction is

governed by 8 U.S.C. § 1252.  We review for abuse of discretion the denial of a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

continuance, and review de novo constitutional claims. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Barquero Tijerino's contention that his underlying criminal convictions were unconstitutional because this claim functions as an impermissible collateral attack upon his conviction. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011) (holding that petitioner could not collaterally attack his state court conviction on a petition for review of a BIA decision).

In his opening brief, Barquero Tijerino does not raise, and therefore has waived, any challenge to the agency's determination that his conviction under California Health & Safety Code § 11351.5 is an aggravated felony drug trafficking offense that renders him removable under 8 U.S.C. § 1227(a)(2)(A)(iii), or the agency's denial of asylum, withholding of removal, protection under the Convention Against Torture, and cancellation of removal. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (a petitioner waives an issue by failing to raise it in the opening brief).

The agency did not abuse its discretion in denying for failure to show good cause Barquero Tijerino's request for a continuance to seek post-conviction relief,

where he had been granted several continuances, his convictions were final for immigration purposes, and post-conviction relief remained speculative at the time of the hearing. *See* 8 C.F.R. § 1003.29; *Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[T]he IJ [is] not required to grant a continuance based on . . . speculations.").

Barquero Tijerino's numerous due process claims fail for lack of prejudice. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (requiring prejudice to prevail on a due process challenge).

We deny Barquero Tijerino's request for judicial notice of the extra-record information regarding his proceedings in district court. *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**