**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JUAN C. RAMIREZ-VILLALPANDO,
AKA Juan Carlos Ramirez,
*Petitioner,*

v.

ERIC H. HOLDER Jr., Attorney
General,
*Respondent.*

No. 08-72102

Agency No.
A012-620-554

ORDER AND
AMENDED
OPINION

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
January 11, 2010—San Francisco, California

Filed April 9, 2010
Amended July 1, 2011

Before: J. Clifford Wallace, Procter Hug, Jr. and
Richard R. Clifton, Circuit Judges.

Opinion by Judge Clifton

**COUNSEL**

Brett A. Shumate, Wiley Rein LLP, Washington, DC, for the petitioner.

Aimee J. Frederickson, U.S. Department of Justice, Washington, D.C., for the respondent.

**ORDER**

The opinion, appearing at 601 F.3d 891 (9th Cir. 2010), is amended as follows:

Delete the last part of the paragraph that starts on 601 F.3d at 896 and continues on page 897, such that the following sentences are removed:

> The BIA's review concerned the question of whether Ramirez-Villalpando's conviction under California Penal Code § 487(a) was a valid factual predicate for an aggravated felony. Ramirez-Villalpando's conviction was final for purposes of the IJ's removal determination and the BIA's subsequent review. *See*

*Grageda v. INS*, 12 F.3d 919, 921 (9th Cir. 1993) ("Once an alien has been convicted by a court of competent jurisdiction and exhausted the direct appeals to which he is entitled, his conviction is final for the purpose of the immigration laws."). Furthermore, "[a] conviction subject to collateral attack or other modification is still final." *Id.*

The first part of the paragraph remains:

> Even if it were true that he was convicted for both grand theft and receipt of the same personal property, the validity of Ramirez-Villalpando's grand theft conviction, upon which the order of removal was based, is not properly before us. A petitioner may not collaterally attack his state court conviction on a petition for review of a BIA decision. *See Resendiz v. Kovensky*, 416 F.3d 952, 960 (9th Cir.2005).

With the opinion as amended, the panel voted to deny the petition for rehearing. Judge Clifton has voted to deny the petition for rehearing en banc, and Judges Wallace and Hug have recommended denial of the petition. The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for rehearing and the petition for rehearing en banc, filed May 24, 2010, are DENIED. No further petitions for rehearing will be entertained.

**OPINION**

CLIFTON, Circuit Judge:

Juan C. Ramirez-Villalpando petitions for review of a decision by the Board of Immigration Appeals affirming an order of removal based on his conviction for an aggravated felony. The BIA held that Ramirez-Villalpando's conviction for grand theft under California Penal Code § 487(a) qualified as an aggravated felony under the modified categorical approach. We agree and deny the petition for review.

**I.   Background**

Ramirez-Villalpando is a citizen of Mexico. He was admitted to the United States as a lawful permanent resident in 1961. In November 1986, Ramirez-Villalpando was placed in immigration proceedings, and he was later found removable. At that time, however, he was granted relief under former INA § 212(c). Aliens who have been granted relief under § 212(c) are ineligible for subsequent cancellation of removal. 8 U.S.C. § 1229b(c)(6).

In 2006, Ramirez-Villalpando was arrested and charged by felony complaint with: (1) grand theft of personal property in violation of California Penal Code § 487(a) for unlawfully taking tires and rims, and (2) receiving stolen property in violation of California Penal Code § 496(a) for obtaining tires and rims. Ramirez-Villalpando pled guilty to both charges on November 21, 2006. The abstract of judgment, filed on December 1, 2006, stated that Ramirez-Villalpando was convicted of "GRAND THEFT OF PERS PROPER" under § 487(a) and "RECEIVING STOLEN PROPERTY" under § 496(a) and that he was sentenced to a 16-month term of imprisonment on each count, to run concurrently.

The federal government issued a Notice to Appear to Ramirez-Villalpando seeking to remove him from the United

States on the ground that he had been convicted of an aggravated felony as defined in the Immigration and Naturalization Act. *See* 8 U.S.C. § 1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."); 8 U.S.C. § 1101(a)(43)(G) (defining "aggravated felony" to include "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year."). The Notice to Appear cited Ramirez-Villalpando's conviction for grand theft of personal property in violation of California Penal Code § 487(a) described above.

During the removal proceedings before the Immigration Judge (IJ), the government submitted three conviction documents into the record: the abstract of judgment, the felony complaint, and a probation officer's report. The IJ held that "grand theft of personal property is a crime of theft within the ambit of Section 101(a)(43)(G) of the Act and therefore is an aggravated felony as the sentence is more than 1 year." The IJ thus ordered Ramirez-Villalpando removed to Mexico.

Ramirez-Villalpando appealed to the BIA, attaching to his Notice of Appeal the transcript of his California plea hearing. The BIA upheld the IJ's conclusion that Ramirez-Villalpando had been convicted of an aggravated felony and denied his appeal. The BIA noted that, under our court's precedent, a conviction under California Penal Code § 487(a) is not categorically an aggravated felony because § 487(a) encompasses the crime of theft of labor in addition to theft of tangible property. Turning to the modified categorical approach, the BIA concluded that "the conviction record reflects that the respondent pled guilty to a charge of grand theft of particular items of personal property, not labor." The BIA went on to note in particular that the transcript of the plea colloquy Ramirez-Villalpando submitted on appeal indicated that he pled guilty to the "exact count of the felony complaint that had originally been lodged against him, a count which plainly charges him with stealing personal property."

Ramirez-Villalpando timely petitioned for review of the BIA's decision.

## II.   Discussion

This court has jurisdiction under 8 U.S.C. § 1252(a)(2)(D) to review questions of law raised by the BIA's final order. *Mielewczyk v. Holder*, 575 F.3d 992, 994 (9th Cir. 2009). "We review de novo the issue of whether a particular offense constitutes an aggravated felony." *Rosales-Rosales v. Ashcroft*, 347 F.3d 714, 717 (9th Cir. 2003).

**[1]** To determine whether a criminal offense qualifies as an aggravated felony, we apply the categorical and modified categorical approaches set forth in *Taylor v. United States*, 495 U.S. 575 (1990). *See United States v. Espinoza-Cano*, 456 F.3d 1126, 1131 (9th Cir. 2006). We begin with the categorical approach, under which we "look only to the fact of conviction and the statutory definition of the prior offense and compare it to the generic definition of the offense." *Id.* (internal quotation marks omitted).

**[2]** Ramirez-Villalpando was convicted of violating California Penal Code § 487(a), which defines grand theft as the taking of "money, labor, or real or personal property . . . of a value exceeding four hundred dollars." By comparison, we have defined generic theft as "a taking of property or an exercise of control over property without consent with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *Martinez-Perez v. Gonzales*, 417 F.3d 1022, 1026 (9th Cir. 2005) (quoting *United States v. Corona-Sanchez*, 291 F.3d 1201, 1205 (9th Cir. 2002)); *see also* 8 U.S.C. § 1101(a)(43)(G) (defining "aggravated felony" to include "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year."). As the generic definition of a theft offense does not include theft of labor, California Penal Code § 487(a) encom-

passes more than generic theft. *See Espinoza-Cano*, 456 F.3d at 1131 (emphasizing California Penal Code § 487(a)'s inclusion of "labor" in the definition of grand theft and stating that "[b]ecause California's theft statute criminalizes more than just the taking of property, [defendant's] prior conviction for grand theft is not categorically a conviction for an aggravated felony."). Accordingly, Ramirez-Villalpando's conviction did not categorically qualify as an aggravated felony.

**[3]** If the statute of conviction proscribes a broader range of conduct than the generic offense, we then turn to the modified categorical approach to "determine if the record unequivocally establishes that the defendant was convicted of the generically defined crime, even if the statute defining the crime is overly inclusive." *Martinez-Perez*, 417 F.3d at 1028 (quoting *Corona-Sanchez*, 291 F.3d at 1211). The court may "look beyond the [language of the] statute to a narrow, specified set of documents that are part of the record of conviction, including the indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings." *Fernandez-Ruiz v. Gonzales*, 468 F.3d 1159, 1163-64 (9th Cir. 2006) (internal quotation marks omitted).

**[4]** The record before the BIA in this case consisted of the abstract of judgment, the felony complaint, a probation officer's report, and the transcript of the plea colloquy. Ramirez-Villalpando argues that the abstract of judgment may not be considered by this Court because the BIA did not explicitly mention the document in its decision. It is true that "we must decide whether to grant or deny [a] petition for review based on the Board's reasoning rather than our own independent analysis of the record." *Azanor v. Ashcroft*, 364 F.3d 1013, 1021 (9th Cir. 2004). That does not mean, however, that our review may consider only evidence expressly identified in the BIA's decision.

**[5]** The BIA's decision in this case stated that "the conviction record reflects that the respondent pled guilty to a charge

of grand theft of particular items of personal property, not labor." While the BIA elaborated on particular items in the record, "not[ing] in particular . . . the transcript of the respondent's plea colloquy," the BIA did not dismiss or disregard the other evidence in the record. By referring to the "conviction record," the BIA sufficiently referenced the record as a whole. The BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Wang v. Board of Immigration Appeals*, 437 F.3d 270, 275 (2d Cir. 2006); *see also Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006) (holding that the IJ did not violate petitioner's due process rights by not discussing each piece of evidence). "Given the evidence that was before it and the conclusion it reached in this case, it is clear that the BIA considered . . . the evidence." *Wang*, 437 F.3d at 275.

**[6]** The abstract of judgment states that Ramirez-Villalpando was convicted of "GRAND THEFT OF PERS PROPER" under California Penal Code § 487(a). Ramirez-Villalpando argues, however, that the abstract of judgment cannot be considered because this court barred reliance upon an abstract of judgment to prove the nature of a prior conviction in *United States v. Navidad-Marcos*, 367 F.3d 903 (9th Cir. 2004). This argument is unpersuasive for two reasons.

First, the record in the current case is more explicit than that in *Navidad-Marcos*. The defendant in *Navidad-Marcos* was charged under § 11379 of the California Health and Safety Code, which this court has concluded "punishes a full range of conduct encompassed by the statute, which might not constitute an aggravated felony." *Id*. at 906. The government argued that the description of the crime contained in the abstract of judgment indicated that Navidad-Marcos pled guilty specifically to the transportation and sale of a controlled substance, which is an aggravated felony. *Id*. at 909. We rejected the government's argument, stating that it is "equally plausible, if not more probable, that the abbreviation

in the form merely summarized the title of the statute of conviction rather than — as the government would have us presume — a conscious judicial narrowing of the charging document." *Id*. California Health and Safety Code § 11379 is titled, "Transportation, sale, furnishing, etc.; punishment," and the abstract of judgment stated the crime as "Transport/sell cont. sub." *Id*. at 906. We thus held that the abstract of judgment was "not sufficient to establish 'unequivocally' that Navidad-Marcos entered a guilty plea to a different charge from the one contained in the Information." *Id*. at 909.

**[7]** In contrast, the statute of conviction under which Ramirez-Villalpando pled guilty is entitled "Grand theft defined." Cal. Pen. Code § 487(a). The description of the crime in the abstract of judgment specified "personal property" from a list of potential crimes under § 487(a): "money, labor, or real or personal property." The crime described in the abstract of judgment here may fairly be read as a summary of Ramirez-Villalpando's specific offense, not merely a recitation of the title of the statute.

**[8]** Second, in later decisions we have clarified that *Navidad-Marcos* held that the court "erred in relying *only* on the abstract of judgment in determining that [a] prior offense [satisfies the elements of a given generic crime] under the modified categorical approach." *United States v. Narvaez-Gomez*, 489 F.3d 970, 977 (9th Cir. 2007) (emphasis added). We have permitted reliance on an abstract of judgment in combination with a charging document to establish that the defendant pled guilty to a generic crime under the modified categorical approach. *See, e.g.*, *United States v. Velasco-Medina*, 305 F.3d 839, 852-53 (9th Cir. 2002) (holding that the abstract of judgment coupled with the information furnished sufficient proof that the defendant was convicted of all the elements of the generic crime of burglary). *See also Penuliar v. Mukasey*, 528 F.3d 603, 610-11 (9th Cir. 2008) (holding that the abstract of judgment may not sufficiently establish that the defendant pled guilty to a specific crime

when the only other document provided was the charge, which simply contained the generic, broad statutory language); *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 878 (9th Cir. 2008) (holding that the abstract of judgment does not reliably establish the content of the conviction when it was the "only judicial record . . . the government produced.").

**[9]** Here, the abstract of judgment listing the conviction as "GRAND THEFT OF PERS PROPER" was corroborated by the felony complaint listing count 1 as "the crime of GRAND THEFT OF PERSONAL PROPERTY . . . to wit tires and rims" and the plea transcript. Together, those documents clearly and specifically demonstrated that Ramirez-Villalpando pled guilty to the charge of grand theft of personal property, an aggravated felony for removal purposes, and not to a charge of theft of labor.[1]

Ramirez-Villalpando additionally argues that the felony complaint is unreliable because it charged Ramirez-Villalpando with grand theft of personal property under California Penal Code § 487(a), as well as with receiving stolen property under California Penal Code § 496(a). Section 496(a) states that "no person may be convicted both pursuant to this section and of the theft of the same property." Cal. Pen. Code § 496(a). Indeed, California law prohibits dual convictions for theft and receipt of the same property. *See, e.g.*, *People v. Love*, 83 Cal. Rptr. 3d 428, 432 (Cal. Ct. App. 2008).

---

[1]In *United States v. Snellenberger*, 548 F.3d 699, 701 (9th Cir. 2008) (en banc), we held that minute orders and "documents of equal reliability" may be considered in determining whether a crime qualifies as a predicate offense. The government has argued that *Snellenberger* authorizes us to rely upon an abstract of judgment because an abstract is also "prepared by a neutral officer of the court, and . . . the defendant had the right to examine and challenge its content." *See id.* at 702. Because the record here contained reliable corroboration, we do not in this case need to reach the question of whether our en banc decision in *Snellenberger* overruled *Navidad-Marcos* and permits reliance upon an abstract of judgment without corroboration by other material in the record in applying the modified categorical approach.

It is not clear from the record that Ramirez-Villalpando was in fact convicted under both sections for taking and receiving the same tires and rims. The two counts could have referred to different items, albeit of the same kind. We cannot presume a set of facts under which the conviction might be defective.

**[10]** Even if it were true that he was convicted for both grand theft and receipt of the same personal property, the validity of Ramirez-Villalpando's grand theft conviction, upon which the order of removal was based, is not properly before us. A petitioner may not collaterally attack his state court conviction on a petition for review of a BIA decision. *See Resendiz v. Kovensky*, 416 F.3d 952, 960 (9th Cir. 2005).

**[11]** Ramirez-Villalpando pled guilty to theft of personal property under California Penal Code § 487(a), acknowledging that "a plea in this case will result in deportation, denial of naturalization, denial of re-entry into this country, as well as exclusion from admission." His conviction was final as presented to the BIA, and the question of its validity under California law is not before us.

## III. Conclusion

**[12]** The record clearly demonstrates that Ramirez-Villalpando's conviction under California Penal Code § 487(a) qualified as an aggravated felony under the modified categorical approach. As a result, he is subject to removal under INA § 237(a)(2)(A)(iii). 8 U.S.C. § 1127(a)(2)(A)(iii).

PETITION DENIED.