**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEMISI FONUA, | No. 05-74327 |
| Petitioner, | Agency No. A044-955-049 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Semisi Fonua, a native and citizen of Tonga, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") removal order. Our jurisdiction is governed by

8 U.S.C. § 1252. We review de novo questions of law, *Ramirez-Villalpando v.*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Holder*, 645 F.3d 1035, 1038 (9th Cir. 2011), and we deny in part and dismiss in part the petition for review.

The BIA correctly determined that Fonua's conviction under California Penal Code § 487(a) is an aggravated felony theft offense because the record of conviction establishes that Fonua pled guilty to grand theft of personal property. *See id.* at 1040-41 (relying on a complaint and an abstract of judgment, both of which specified that the offense involved personal property, to conclude that the petitioner's conviction under § 487(a) qualified as a theft offense). Fonua's contention that his conviction is not a theft offense because he may have been convicted as an aider and abettor is foreclosed by *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 189-90 (2007).

Because Fonua is removable under 8 U.S.C. § 1227(a)(2)(A)(iii), we lack jurisdiction to consider his contention that the IJ abused his discretion by denying Fonua's request for a continuance. *See* 8 U.S.C. § 1252(a)(2)(C). To the extent Fonua contends that the denial violated his right to due process, his claim fails because he cannot establish prejudice. *See Robleto-Pastora v. Holder*, 591 F.3d 1051, 1062 (9th Cir. 2010) (to prevail on a due process challenge to the denial of a continuance, petitioner must show that "the violation potentially affected the outcome of the proceedings").

05-74327

The IJ did not err in rejecting Fonua's motion to reconsider for lack of jurisdiction where he filed the motion after jurisdiction had already vested with the BIA. *See* 8 C.F.R. § 1003.23(b)(1) (the IJ may reconsider a decision "unless jurisdiction is vested with the [BIA]"); *In re Valles-Perez*, 21 I. & N. Dec. 769, 771 (BIA 1997) ("[O]nce an appeal is filed with the [BIA], the Immigration Court . . . loses jurisdiction over the matter."). Fonua has waived any challenge to the BIA's failure to address the IJ's order. *See Castro-Martinez v. Holder*, 674 F.3d 1073, 1082-83 (9th Cir. 2011) (contentions not raised in the opening brief are deemed waived).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**