**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WING YAU WONG,<br><br>    Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>    Respondent. | No. 06-70828<br><br>Agency No. A036-850-572<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012[**]

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Wing Yau Wong, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") removal order.  Our jurisdiction is governed by 8

U.S.C. § 1252.  We review de novo questions of law.  *Ramirez-Villalpando v.*

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Holder*, 645 F.3d 1035, 1038 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The BIA correctly determined that Wong's conviction under California Penal Code § 484/487(a) constituted an aggravated felony theft offense where the record of conviction established that Wong pled guilty to grand theft of personal property. *See id.* at 1040-41 (relying on a complaint and an abstract of judgment, both of which specified that the offense involved personal property, to conclude that the petitioner's conviction under § 487(a) qualified as a theft offense). Accordingly, Wong is removable under 8 U.S.C. § 1227(a)(2)(A)(iii).

We lack jurisdiction to consider Wong's unexhausted challenge to the IJ's finding that he committed two or more crimes involving moral turpitude for which he is removable. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Wong failed to raise, and therefore waived, any challenge to the BIA's denial of his applications for withholding of removal, protection under the Convention Against Torture, and cancellation of removal. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (a petitioner waives an issue by failing to raise it in his or her opening brief).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

06-70828