FILED

MAY 20 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEDRO ALONSO, a.k.a. Pedro Morfin Alonso,<br><br>              Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>              Respondent. | No. 08-71874<br><br>Agency No. A092-187-124<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Pedro Alonso, a native and citizen of Mexico, petitions pro se for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") removal order. Our jurisdiction is governed by 8

U.S.C. § 1252. We review de novo questions of law. *Ramirez-Villalpando v.*

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Holder*, 645 F.3d 1035, 1038 (9th Cir. 2011). We deny in part and dismiss in part the petition for review.

The agency correctly determined that Alonso was convicted of an aggravated felony drug trafficking crime as defined in 8 U.S.C. § 1101(a)(43)(B) that renders him removable under 8 U.S.C. § 1227(a)(2)(A)(iii). The record of conviction establishes that Alonso was convicted of possession for sale of a controlled substance in violation of California Health & Safety Code § 11378 with a sentencing enhancement under § 11370.4(b)(1) because he possessed more than 1 kilogram of a substance containing methamphetamine, amphetamine or phencyclidine and its analogs. *See* 21 C.F.R. § 1308.12(d)(2); *Rendon v. Mukasey*, 520 F.3d 967, 976 (9th Cir. 2008) ("[P]ossession of a controlled substance with the intent to sell contains a trafficking element and is an aggravated felony."); *see also Ramirez-Villalpando*, 645 F.3d at 1040-41 (using an abstract of judgment in combination with the charging document to establish that a conviction was for a removable offense).

The agency correctly determined that Alonso's aggravated felony conviction renders him statutorily ineligible for asylum, cancellation of removal, and voluntary departure, *see* 8 U.S.C. §§ 1158(b)(2)(A)(ii), B(i), 1229b(a)(3), 1229c(b)(1)(C), and he has not established eligibility for any other form of relief.

08-71874

In light of our disposition, we need not reach Alonso's contentions regarding his additional conviction and the remaining ground of removability.

Alonso's contention that the IJ violated due process by denying him an opportunity to present evidence is not supported by the record where Alonso declined the opportunity to present additional information. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim).

Alonso's challenge to his bond proceedings are not properly before this court. *See* 8 U.S.C. § 1226(e); 8 C.F.R. § 1003.19(d).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**