**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JIAN MEI CAO, | No. 10-70557 |
| Petitioner, | Agency No. A077-109-662 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 16, 2014[**]
Pasadena, California

Before: FISHER and CHRISTEN, Circuit Judges, and SILVER, Senior District
Judge.[***]

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Roslyn O. Silver, Senior District Judge for the U.S.
District Court for the District of Arizona, sitting by designation.

Jian Mei Cao, a native and citizen of China, petitions for review of a decision of the Board of Immigration Appeals ("BIA"). The BIA dismissed her appeal from an immigration judge's decision denying her application for withholding of removal based on an adverse credibility finding. We affirm.

As an initial matter, the government argues 8 U.S.C. § 1252(a)(2)(C) precludes jurisdiction in this case. We have jurisdiction to determine whether jurisdiction exists. *Ramadan v. Gonzales*, 479 F.3d 646, 649 (9th Cir. 2007) (per curiam). We conclude jurisdiction exists because the BIA's final order of removal was based not on Cao's conviction, but rather on a determination that she had not satisfied the requisite burden of proof. *See Bromfield v. Mukasey*, 543 F.3d 1071, 1075 (9th Cir. 2008).

We review adverse credibility findings under the "substantial evidence" standard, where the finding is upheld "unless the evidence compels a contrary result." *Chawla v. Holder*, 599 F.3d 998, 1001 (9th Cir. 2010) (quoting *Don v. Gonzales*, 476 F.3d 738, 741 (9th Cir. 2007)). We conclude substantial evidence supports the BIA's adverse credibility finding. The BIA properly relied on Cao's inconsistent testimony regarding her conviction, as the BIA can take administrative notice of a conviction. *See* 8 C.F.R. 1003.1(d)(3)(iv); *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011). Cao was given an opportunity to

2

explain the conviction. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir. 2000).

Further, Cao's inconsistencies were not mere "typographical errors" and were accompanied by other indicia of dishonesty. *See Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir. 2005). The BIA also properly relied on Cao's failure to provide corroborating evidence. *See Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir. 2000).

The BIA may have improperly relied on Cao's voluntary return to China, as an alien's voluntary return to her home country to care for a loved one does not repudiate her claim of fearing to return in the future. *See Smolniakova v. Gonzales*, 422 F.3d 1037, 1050 (9th Cir. 2005); *Karouni v. Gonzales*, 399 F.3d 1163, 1176 (9th Cir. 2005). However, because Cao's inconsistencies regarding her conviction and her inability to provide readily available corroborating evidence support the BIA's adverse credibility finding, we conclude the record does not compel reversal.

**PETITION FOR REVIEW DENIED**.