**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50429 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 2:14-cr-00552-ODW-1 |
| FRANCISCO JAVIER MANZO-RIOS, AKA Francisco Manzo, AKA Francisco Javier Manzo, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted March 6, 2018**
Pasadena, California

Before: GRABER, W. FLETCHER, and OWENS, Circuit Judges.

Defendant Francisco Javier Manzo-Rios appeals his conviction for being a

deported alien found in the United States, in violation of 8 U.S.C. § 1326(a).

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

1.  We reject Defendant's argument that his 2006 removal order was invalid. An immigration judge ("IJ") found that Defendant was subject to removal under 8 U.S.C. § 1227(a)(2)(B)(i) because of his 2005 conviction for possession of a controlled substance, in violation of California Health and Safety Code section 11350(a).  Because not every violation of that statute "relates to" a federally controlled substance, section 11350(a) is categorically overbroad. Mellouli v. Lynch, 135 S. Ct. 1980, 1990–91 (2015).  But, section 11350(a) is divisible.  See United States v. Martinez-Lopez, 864 F.3d 1034, 1036–37 (9th Cir. 2017) (en banc) (holding that Cal. Health & Safety Code § 11352 is divisible).[1] The relevant portions of sections 11350(a) and 11352 are identical.  In determining that Defendant's conviction qualified as a controlled substance offense under the modified categorical approach, the IJ took into evidence a criminal complaint and an abstract of judgment showing that Defendant was convicted for possession of cocaine, a federally controlled substance.  The IJ permissibly relied on those documents in conducting the modified categorical analysis.  Ramirez-Villalpando

---

[1] In his opening brief, Defendant argued that § 11350(a) is not divisible.  We issued our opinion in Martinez-Lopez after that brief was filed, but before Defendant filed his reply brief.  In his reply brief, Defendant appears to concede that Martinez-Lopez forecloses his argument that section 11350(a) is not divisible.

v. Holder, 645 F.3d 1035, 1040 (9th Cir. 2011). Accordingly, Defendant's removal order was valid.

2. The district court did not err by barring Defendant from introducing evidence that his grandmother was a natural-born citizen of the United States. Given the other evidence before the district court, evidence of Defendant's grandmother's citizenship status had minimal probative value with respect to the issue of Defendant's alienage. Accordingly, the district court did not abuse its discretion by excluding the evidence under Federal Rule of Evidence 403. See United States v. Espinoza-Baza, 647 F.3d 1182, 1189–91 (9th Cir. 2011) (holding that the district court had not abused its discretion by excluding the defendant's evidence of his grandfather's citizenship status because "the record [wa]s devoid of anything that link[ed] the grandfather's . . . status with the requirements for derivative citizenship"). The exclusion of the evidence did not violate Defendant's constitutional right to a meaningful opportunity to present a defense. Id. at 1188.

**AFFIRMED.**