NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS RODRIGUEZ OLIVAS, AKA Jesus Olivas, AKA Jesus Olivas Rodriguez,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.   17-72647<br><br>Agency No. A093-148-543<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018**

Before:     RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Jesus Rodriguez Olivas, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision sustaining the removability charge and

ordering him removed. Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Rodriguez Olivas's contention that his judgment of conviction is invalid, because this claim is an impermissible collateral attack upon his state court conviction. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2010) (holding that petitioner could not collaterally attack his state court conviction on a petition for review of a BIA decision).

The record does not support Rodriguez Olivas's claim that his conviction under California Health and Safety Code § 11550(a) was expunged under the state's rehabilitation statute. Accordingly, we need not reach Rodriguez Olivas's contention that expungement rendered his conviction invalid for federal immigration purposes.

We do not consider Rodriguez Olivas's contentions regarding his domestic violence conviction, where he was not found removable or denied relief based on that conviction.

To the extent Rodriguez Olivas contends the IJ erred or violated due process by failing to advise him of rights or eligibility for relief from removal, the record does not support this contention, where Rodriguez Olivas's prior grant of cancellation of removal renders him statutorily ineligible for this relief a second

time, and the IJ asked Rodriguez Olivas if he feared any harm in Mexico, and he replied that he did not. *See* 8 U.S.C. § 1229b(c)(6) (a person whose removal has been previously cancelled is not eligible for cancellation of removal a second time); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice). To the extent Rodriguez Olivas now contends he is eligible for asylum and related relief, we lack jurisdiction to consider this unexhausted contention. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

To the extent Rodriguez Olivas contends the BIA was not thorough or careful in its review, the record does not support this contention. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

We deny Rodriguez Olivas's motion to submit out-of-record evidence (Docket Entry No. 14). *See* 8 U.S.C. § 1252(b)(4)(A) (judicial review is limited to the administrative record); *Dent v. Holder*, 627 F.3d 365, 371 (9th Cir. 2010) (stating standard for review of out-of-record evidence). We deny as moot Rodriguez Olivas's motion to submit evidence which is already included in the administrative record. *See id.* We deny as moot respondent's motion to strike the proposed new evidence (Docket Entry No. 16).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**