**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10312 |
| Plaintiff-Appellee, | D.C. No.<br>1:12-cr-01301-DKW-1 |
| v. | |
| ALAN L. MAPUATULI, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted February 13, 2019
Honolulu, Hawaii

Before: TALLMAN, BYBEE, and N.R. SMITH, Circuit Judges.

A jury convicted Alan Mapuatuli of two counts of possessing/distributing methamphetamine, as well as one count of possessing a firearm in furtherance of a drug trafficking offense. Mapuatuli appeals both his conviction and his sentence.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm Mapuatuli's conviction, but vacate his sentence and remand for re-sentencing.

## I.

The district court did not abuse its discretion when it allowed the jury to use a transcript of an audio recording played at trial. *United States v. Turner*, 528 F.2d 143, 167 (9th Cir. 1975) (per curiam) ("[A]ccurate typewritten transcripts of sound recordings, used contemporaneously with the introduction of the recordings into evidence . . . [may be used] to assist the jury in following the recordings while they are being played."); *see also United States v. Delgado*, 357 F.3d 1061, 1070 (9th Cir. 2004), *abrogated on other grounds by United States v. Nevils*, 598 F.3d 1158, 1167 (9th Cir. 2010) (en banc). The district court reviewed the transcript to ensure its accuracy, gave an appropriate limiting instruction, and allowed Mapuatuli to point out any inaccuracies or inconsistencies between the recording and the transcript. Mapuatuli has not identified any inaccuracies in the transcript, and any prejudice he suffered from its introduction was minimal and is easily outweighed by the other incriminating evidence produced at trial. Mapuatuli identifies no other alleged errors affecting the jury's verdict. We therefore affirm his conviction.

**II.**

When it sentenced Mapuatuli, the district court found that he was subject to a mandatory sentence of life imprisonment pursuant to 21 U.S.C. § 841. This finding was due, in part, to his 1988 conviction for maintaining a property for purposes of manufacturing a controlled substance in violation of section 11366.5(a) of the California Health & Safety Code.[1] The district court concluded that this offense was a prior felony drug conviction. *See* 21 U.S.C. § 802(44) (defining "felony drug offense" as any offense "punishable by imprisonment for more than one year under any law under of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances"). We disagree that Mapuatuli's 1988 conviction is a qualifying predicate conviction for these purposes.

The statute of conviction, section 11366.5(a), prohibits maintaining property "for the purpose of unlawfully manufacturing, storing, or distributing any controlled substance for sale or distribution." We have previously ruled "that

---

[1] It is clear from the record that Mapuatuli's 1988 conviction was under section 11366.5(a), because the judgment indicates that the conviction was for maintaining a property for the purposes of manufacturing a controlled substance, and manufacture is only mentioned and prohibited by subsection (a) of that statute.

California law regulates the possession and sale of numerous substances that are not similarly regulated by the [Federal Controlled Substances Act]." *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1078 (9th Cir. 2007), *abrogated on other grounds by Kwong v. Holder*, 671 F.3d 872 (9th Cir. 2011). Because a conviction under Section 11366.5(a) can stem from a substance that is not regulated by federal law, this statute is broader than the federal definition and is not a categorical match. *United States v. Ocampo-Estrada,* 873 F.3d 661, 666-67 (9th Cir. 2017). Therefore, Mapuatuli's 1988 conviction does not qualify as a predicate offense under the categorical approach. *Medina-Lara v. Holder*, 771 F.3d 1106, 1112 (9th Cir. 2014).

Nor does Mapuatuli's 1988 conviction qualify as a predicate offense under the modified categorical approach. Section 11366.5(a) lists a number of acts in the alternative, but we cannot "assume that a statute . . . defines multiple crimes simply because it contains a disjunctive list." *United States v. Martinez-Lopez*, 864 F.3d 1034, 1039 (9th Cir.) (en banc), *cert. denied*, 138 S. Ct. 523 (2017) (citing *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)). Instead section 11366.5(a) sets out a single offense—i.e. maintaining a property for drug related purposes—along with a list of "illustrative examples" of the means by which this offense may be committed, all of which are subject to the same punishment. *Mathis*, 136 S. Ct. at

4

2256 (internal citation omitted); *cf. id.* ("If statutory alternatives carry different punishments, then . . . they must be elements."). Since we find that the statute is not divisible, the modified categorical approach has no application here.[2]

Because section 11366.5(a) is neither a categorical match with the federal definition nor a divisible statute, the district court erred when it concluded that Mapuatuli's 1988 conviction was a qualifying predicate conviction for purposes of 21 U.S.C. § 841. Therefore, we must vacate Mapuatuli's sentence and remand for re-sentencing.[3] We do not reach the other arguments raised by Mapuatuli regarding his 1988 conviction, because they are moot in light of our finding that

---

[2] Even if we could apply the modified categorical approach here, the district court relied on documents that are insufficient to establish that the 1988 conviction is a qualifying predicate offense under that approach. The district court relied on an admission made "in a document that is outside the 'limited class of documents' from the record of a prior conviction upon which a sentencing court may rely to determine which version of an offense was the basis for a prior conviction." *Ocampo-Estrada*, 873 F.3d at 669-70 (quoting *Mathis*, 136 S. Ct. at 2249) (emphasis omitted).

[3] The district court indicated at sentencing that it would have imposed a life sentence even if Mapuatuli was not subject to a statutorily mandated life sentence based on his two prior felony drug convictions. We express no views regarding the appropriateness of such a sentence in these circumstances. However, when the district court re-sentences Mapuatuli, it may also consider what effect (if any) the recently enacted First Step Act has on Mapuatuli's sentence. *See* Pub. L. No. 115-391, § 401(a), 132 Stat. 5194 (Dec. 21, 2018).

section 11366.5(a) is neither a categorical match with the federal definition nor a divisible statute.

## III.

Mapuatuli also raises other arguments on appeal not raised prior to sentencing. We would ordinarily deem those arguments waived. *See* 21 U.S.C. § 851(c). However, because the district court failed to conduct a proper 21 U.S.C. § 851(b) colloquy, the waiver rule does not apply. *See United States v. Rodriguez*, 851 F.3d 931, 946 (9th Cir. 2017); *see also Ocampo-Estrada*, 873 F.3d at 666-67. Yet, we review the arguments not raised by Mapuatuli below for plain error. *United States v. Chi Mak*, 683 F.3d 1126, 1133 (9th Cir. 2012).

A.     The district court did not err when it found that Mapuatuli's 1990 conviction under section 11352 of the California Health & Safety Code was a qualifying predicate offense for purposes of 21 U.S.C. § 841. Mapuatuli's conviction under section 11352 was properly assessed under the modified categorical approach. *See Martinez-Lopez*, 864 F.3d at 1043. The documents of the sort relied on by the district court, i.e., an information and an abstract of judgment, properly established the elements of the prior conviction. *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1040 (9th Cir. 2011). The district court did not err, plainly or otherwise, when it found that these documents (which demonstrate that Mapuatuli was

charged with and pled guilty to selling cocaine) sufficiently establish that this conviction is a qualifying prior felony drug offense.

B.      The definition of "felony drug offense" in 21 U.S.C. § 802(44) is not void for vagueness. We have previously rejected such an argument. *See United States v. Mincoff*, 574 F.3d 1186, 1201 (9th Cir. 2009); *United States v. Van Winrow*, 951 F.2d 1069, 1072 (9th Cir. 1991) (per curiam). Additionally, Mapuatuli does not argue that § 802(44) is vague as applied to him. Instead, he merely asserts that its application to convictions under other statutes is uncertain. However, "[a] plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 18-19 (2010) (citation omitted). Unlike the provision at issue in *Johnson v. United States*, 135 S. Ct. 2551 (2015),[4] 21 U.S.C. § 802(44) provides a standard that we have previously ascertained and readily applied. *See Mincoff*, 574 F.3d at 1201; *Van Winrow*, 951 F.2d at 1072.

C.      Finally, because we are vacating Mapuatuli's sentence and remanding for re-sentencing, Mapuatuli's cumulative error argument is moot. Mapuatuli's request

---

[4] *Johnson* considered the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B).

to supplement his opening brief or to re-open argument is moot as well, and is denied on that basis.

**AFFIRMED in part, VACATED in part and REMANDED.**