NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 19 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE BARRERA HUERTA, AKA Joel Solorio Moya,<br><br>    Petitioner,<br><br>  v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>    Respondent. | No.    18-70598<br><br>Agency No. A205-024-508<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 13, 2020**
San Francisco, California

Before:  McKEOWN and NGUYEN, Circuit Judges, and WHALEY,*** District
Judge.

Jose Barrera Huerta challenges the Board of Immigration Appeals' (BIA)

decision denying his requests for withholding of removal and relief under the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Robert H. Whaley, United States District Judge for the
Eastern District of Washington, sitting by designation.

Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1). We deny his petition for review.

1. ***Particularly Serious Crime.*** We review the BIA's particularly serious crime determination for abuse of discretion. *Arbid v. Holder*, 700 F.3d 379, 383 (9th Cir. 2012). The Attorney General may not remove a noncitizen to a country if the Attorney General decides that the noncitizen's "life or freedom would be threatened in that country because of the [noncitizen]'s race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). However, this restriction does not apply if the Attorney General decides that the noncitizen has been convicted of a "particularly serious crime" and is therefore "a danger to the community of the United States." *Id.* § 1231(b)(3)(B)(ii).

There exists a strong presumption that a drug trafficking offense constitutes a particularly serious crime. *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 949 (9th Cir. 2007); *Matter of Y-L-*, 23 I. & N. Dec. 270, 275–76 (Att'y Gen. 2002). In a "very rare case," a noncitizen can overcome the presumption by showing, at a minimum,

> (1) a very small quantity of controlled substance; (2) a very modest amount of money paid for the drugs in the offending transaction; (3) merely peripheral involvement by the [noncitizen] in the criminal activity, transaction, or conspiracy; (4) the absence of any violence or threat of violence . . . ; (5) the absence of any organized crime or terrorist organization involvement . . . ; and (6) the absence of any adverse or harmful effect of the activity or transaction on juveniles.

*Y-L-*, 23 I. & N. Dec. at 276–77.

While Barrera Huerta does not dispute the presumption applies, he contends the Immigration Judge (IJ) failed to meaningfully review whether he rebutted the presumption. The IJ determined that Barrera Huerta had not established the six factors set out in *Y-L-* to rebut the presumption and disbelieved his testimony that he did not intend to sell the drugs in the 2013 and 2015 convictions. Barrera Huerta pleaded no contest to these charges, which both included an element of possession for sale. *See* Cal. Health & Safety Code §§ 11351, 11378. Barrera Huerta's only evidence in this petition is his testimony that he possessed the drugs for personal use without the intent to sell. A collateral attack on the convictions will not suffice to rebut the presumption of a particularly serious crime. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011) ("A petitioner may not collaterally attack his state court conviction on a petition for review of a BIA decision."). We find no abuse of discretion in concluding that Barrera Huerta's drug trafficking offenses constituted "particularly serious crime[s]." 8 U.S.C. § 1231(b)(3)(B)(ii).

2. ***Convention Against Torture Claim.*** The IJ acknowledged that Barrera Huerta presented evidence of past torture from the Knights Templar cartel (or its predecessor). However, Barrera Huerta's evidence also showed that the Knights Templar was a regional cartel. The IJ concluded that Barrera Huerta had not shown that he would face torture if he relocated elsewhere in Mexico. Contrary to Barrera Huerta's contention that the IJ failed to evaluate his CAT claim, the IJ considered

the appropriate standard and the evidence Barrera Huerta presented. Barrera Huerta contends that the Knights Templar is a de facto government actor that would have the opportunity to torture him if he is returned to Mexico. But the present record does not compel the conclusion that Barrera Huerta is more likely than not to be tortured upon his return to Mexico. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (factual challenges to CAT claims are reviewed under the highly deferential substantial evidence standard of review).

Petition for review is DENIED.