**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

REBECA ELIZABETH GUZMAN,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    16-72951

Agency No. A099-049-519

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 16, 2022**
Las Vegas, Nevada

Before:  KLEINFELD, D.M. FISHER,*** and BENNETT, Circuit Judges.

Petitioner Rebeca Guzman argues that the Board of Immigration Appeals

("BIA") wrongly affirmed the Immigration Judge's ("IJ") adverse credibility

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

determination. Guzman also argues that the BIA wrongly rejected the particular social group that she proposed to show membership in for purposes of asylum: "poor uneducated . . . Salvadoran females who were in abusive relationships at the hands of their husbands or ex-husbands." We have jurisdiction under 8 U.S.C. § 1252 and deny the petition. Because substantial evidence supports the BIA's affirmance of the IJ's adverse credibility determination, we do not reach the issue of Guzman's social group.

We review factual determinations under the substantial evidence standard, according to which findings are conclusive "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Garland v. Ming Dai*, 141 S. Ct. 1669, 1677 (2021) (quoting 8 U.S.C. § 1252(b)(4)(B)). Though we are limited to a review of the Board's reasoning, we are not limited to reviewing only the evidence that the Board expressly identifies. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1039 (9th Cir. 2011). When we assess adverse credibility findings, we consider the totality of the circumstances. *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc).

In this case, the BIA noted that Guzman omitted a significant detail from the affidavit attached to her asylum application, viz., that she personally received threatening phone calls from members of the gang. Though Guzman's affidavit

2

does say that she received threats for helping her brother escape gang violence, it nevertheless omits that she continued to receive threats by phone call, over the course of five years, even after her brother was caught and killed. Moreover, whereas the affidavit claims that Guzman began receiving threats from the moment she took her brother in, Guzman contradicted that claim when she testified that she only began to receive threats after her brother died.

The BIA further noted that Guzman misled a California divorce court. Guzman filed for divorce in 2014, at which time she submitted a shared custody agreement and visitation schedule. Guzman knew that those documents were misleading because she knew that her husband had been deported. Guzman admitted to misleading the divorce court to more easily secure the divorce.

Guzman's history of misleading a tribunal and her inconsistent narrative about the threats she received amount to substantial evidence supporting the BIA's adverse credibility determination. A reasonable adjudicator would not be compelled to conclude that Guzman was credible. Accordingly, we need not reach Guzman's social group arguments.

**PETITION DENIED**.

3