**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 29 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARMANDO MEDINA ZAMORA, AKA
Armando Medina-Zamora, AKA Armando
MedinaZamora,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 19-70956

Agency No. A213-000-889

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 27, 2023[**]
San Francisco, California

Before: WALLACE, O'SCANNLAIN, SILVERMAN, Circuit Judges.

Armando Medina Zamora, a native and citizen of Mexico, timely petitions pro

se for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal

from the immigration judge's denial of his application for deferral of removal under

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's denial of deferral of removal under CAT for substantial evidence. *See Benedicto v. Garland*, 12 F.4th 1049, 1063 (9th Cir. 2021). We review questions regarding a petitioner's mental competency de novo. *See id.* at 1057–58. We deny the petition.

The immigration judge (IJ) did not err in finding Zamora competent within the meaning of 8 U.S.C. § 1229a(b)(3). The IJ held a competency hearing and determined that Zamora understood the proceedings and could advocate on his own behalf. *See Salgado v. Sessions*, 889 F.3d 982, 988 (9th Cir. 2018) (holding that the petitioner was not incompetent, in part, as he "did not show an inability to answer questions" or an "inability to stay on topic"); *In re M-A-M-*, 25 I. & N. Dec. 474, 480–81 (BIA 2011) (holding that, when determining competency, an IJ "should include questions about where the hearing is taking place, the nature of the proceedings, and the respondent's state of mind"). While Zamora was being treated for anxiety, Zamora stated—and the IJ agreed—that his anxiety would not interfere with his ability to communicate during the proceedings. *See Salgado*, 889 F.3d at 988 (holding that the petitioner was not incompetent, in part, as the petitioner "did not allege that [his condition] affected his ability to comprehend the proceedings"); *see also In re M-A-M-*, 25 I. & N. Dec. at 480 (observing that "there are many types of mental illness that, even though serious, would not prevent a respondent from

2

meaningfully participating in immigration proceedings").

The BIA did not err in holding that Zamora waived any challenge to the IJ's determination that he was convicted of a particularly serious crime. At most, Zamora attempted only to collaterally attack his sexual battery conviction; however, "[a] petitioner may not collaterally attack his state court conviction on a petition for review of a BIA decision." *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011). Even if this argument was not waived, Zamora's challenge would fail on the merits. This court has jurisdiction only to consider whether the agency "applied the correct legal standard" when determining whether a petitioner committed a particularly serious crime. *Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019), *citing* 8 U.S.C. § 1252(a)(2)(B)(ii). As the IJ considered the elements of the conviction, the sentence imposed, and the underlying facts, the IJ did not err in holding that Zamora was convicted of a particularly serious crime. *See Bare v. Barr*, 975 F.3d 952, 961–62 (9th Cir. 2020) (holding that the agency must consider "(1) the nature of the conviction, (2) the type of sentence imposed, and (3) the circumstances and underlying facts of the conviction") (cleaned up). As Zamora was convicted of a particularly serious crime, the IJ did not err in denying Zamora's application for asylum and withholding of removal. *See Flores-Vega*, 932 F.3d at 884, *citing* 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii).

Substantial evidence supports the BIA's denial of deferral of removal[1] under CAT. While Zamora was hit once with a brick in 1992, he did not suffer past torture in Mexico. *See Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) (holding that "significant physical abuse" without "serious injuries or long-term harm" does not constitute past torture); *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022) ("Evidence of past torture is relevant (though not alone sufficient) in assessing a particular petitioner's likelihood of future torture."). Moreover, Zamora did not establish that any future torture would be at the acquiescence of public officials. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence."). Furthermore, Zamora testified that he has many siblings living in various locales in Mexico, establishing that he can safely relocate. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 704 (9th Cir. 2022); 8 C.F.R. § 1208.16(c).

**PETITION DENIED.**

---

[1] "The only immigration relief available to a noncitizen convicted of a 'particularly serious crime' is deferral of removal under CAT[.]" *Flores-Vega*, 932 F.3d at 884.