NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANDRA LILIANA BETANCOURT CANO; SALMA JANAI OBANDO BETANCOURT,

Petitioners,

v.

TODD BLANCHE, Acting Attorney General,

Respondent.

No. 25-667

Agency Nos.
A220-717-224
A220-717-226

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2026[**]
Portland, Oregon

Before: OWENS, VANDYKE, and SUNG, Circuit Judges.

Petitioners Sandra Liliana Betancourt Cano ("Betancourt Cano") and Salma

Janai Obando Betancourt, natives and citizens of Colombia, seek review of a Board

of Immigration Appeals ("BIA") decision dismissing their appeal from an

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Judge's ("IJ") decision denying their claims for asylum, withholding of removal, and Convention Against Torture ("CAT") relief.[1]  We deny the petition.

We have jurisdiction under 8 U.S.C. § 1252.  Where, as here, the BIA "issues its own decision but relies in part on the [IJ's] reasoning, we review both decisions." *Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016).  We review the agency's internal relocation determination for substantial evidence.  *See Arrey v. Barr*, 916 F.3d 1149, 1161 (9th Cir. 2019).  Under this standard, findings of fact are "conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022).  We review the agency's denial of humanitarian asylum for abuse of discretion.  *Belayneh v. I.N.S.*, 213 F.3d 488, 491 (9th Cir. 2000).  The agency does not abuse its discretion if it "hear[s] the claim" and "consider[s] the evidence." *Marcu v. I.N.S.*, 147 F.3d 1078, 1083 (9th Cir. 1998); *see also Agonafer v. Sessions*, 859 F.3d 1198, 1206–07 (9th Cir. 2017).

1.  The agency properly allocated the burden to the government to rebut the presumption of a well-founded fear of persecution.  And when evaluating whether the government met its burden, the agency properly considered Betancourt Cano's

---

[1] Salma Janai Obando Betancourt, Betancourt Cano's minor daughter, is a beneficiary of Betancourt Cano's asylum application. *See* 8 U.S.C. § 1158(b)(3)(A). Petitioners do not challenge the agency's denial of CAT relief.  Thus, they have forfeited that claim. *See* Fed. R. App. P. 28(a)(8)(A).

testimony that, after leaving her abusers, she had lived safely in Bogota, Colombia for several years. *See* 8 C.F.R. §§ 1208.13(b)(3), 1208.16(b)(3); *Afriyie v. Holder*, 613 F.3d 924, 935 (9th Cir. 2010), *overruled on other grounds by Bringas-Rodriguez v. Sessions*, 850 F.3d 1051 (9th Cir. 2017) (en banc); *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 999 (9th Cir. 2003).

2. The BIA did not fail to address Cano's burden-shifting argument or ignore the reasonableness prong of the internal relocation analysis. The BIA affirmed the IJ's findings that "DHS met its burden to show that [Betancourt Cano] could safely relocate within Colombia," and that Betancourt Cano could "safely and *reasonably* relocate within Colombia." (emphasis added).

3. Substantial evidence supports the agency's finding that Betancourt Cano may safely and reasonably relocate within Colombia. The record reflects that Betancourt Cano moved away from her father more than two decades ago and has not had any contact with him in six years. The record also reflects that Betancourt Cano has not suffered any harm or threat from her ex-partner Carlos since 2015 at the latest, when she left him and moved to Bogota, where she lived safely for several years. *See Gonzalez-Hernandez*, 336 F.3d at 999. Betancourt Cano further testified that she could safely practice her religion while she lived in Bogota. While Betancourt Cano contends the agency erred by not explicitly addressing evidence of her post-traumatic stress disorder (PTSD) in its relocation analysis, Betancourt Cano

did not raise this claim before the BIA and, therefore, failed to exhaust it. *See* 8 U.S.C. § 1252(d)(1).

4. The agency did not abuse its discretion by denying Betancourt Cano's request for humanitarian asylum under the first prong, which considers whether the petitioner has compelling reasons for being unwilling or unable to return to her home country arising out of the severity of her past persecution. 8 C.F.R. § 1208.13(b)(1)(iii)(A); *see also Vongsakdy v. I.N.S.*, 171 F.3d 1203, 1205 (9th Cir. 1999). "Extremely severe persecution is required to warrant humanitarian relief." *Singh v. Whitaker*, 914 F.3d 654, 662 (9th Cir. 2019). The agency did not abuse its discretion by concluding that Betancourt Cano's harm did not rise to the level of "rare" and "atrocious" persecution that warrants a discretionary grant of humanitarian asylum. *Vongsakdy*, 171 F.3d at 1205. The agency adequately considered the severity of Betancourt Cano's past persecution and compared it to the persecution suffered by the applicant in *Matter of Chen*, 20 I&N Dec. 16, 19–20 (BIA 1989), as we have instructed the agency to do. *See Vongsakdy*, 171 F.3d at 1207. The agency further noted that, unlike the applicant in *Matter of Chen*, Betancourt Cano's "harm was inflicted for the most part in private settings and by private actors."

While Betancourt Cano contends that the agency erred by ignoring evidence of her PTSD when assessing her claim for humanitarian asylum under this prong,

the agency was not required to "expressly parse or refute on the record each individual argument or piece of evidence" that Betancourt Cano presented. *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1040 (9th Cir. 2011). The IJ's written decision, which the BIA adopted, found the totality of Betancourt Cano's "sexual, physical, emotional[,] and verbal abuse" less severe than the persecution described in *Matter of Chen*, 20 I&N Dec. at 19–20. In doing so, the IJ necessarily compared the relative psychological harms in each case. *See id.* at 20–22. To presume the agency ignored evidence simply because its written decision did not use the terms "post-traumatic stress disorder" or "PTSD" would violate the presumption of regularity we afford to agency decisions. *See U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 10 (2001).

5. The agency did not ignore Betancourt Cano's request for humanitarian asylum under the second prong, 8 C.F.R. § 1208.13(b)(1)(iii)(B), or abuse its discretion in denying humanitarian asylum under that prong. The agency considered Betancourt Cano's request under this prong. Betancourt Cano's testimony that Carlos did not harm or threaten her after she left him in 2015, supports the agency's determination that it is unlikely she will suffer serious harm from Carlos upon her return. Before the BIA, Betancourt Cano did not raise her claim that she will likely suffer serious harm due to gang violence and therefore failed to exhaust it. 8 U.S.C. § 1252(d)(1). Finally, there is no clear record evidence that Betancourt Cano's

PTSD was exacerbated while she lived in Bogota, or that she will be unable to receive adequate treatment for her PTSD if she returns.  Thus, the agency did not abuse its discretion by concluding that Betancourt Cano did not establish a reasonable possibility she will suffer other serious harm upon her return to Colombia.  *See Sowe v. Mukasey*, 538 F.3d 1281, 1287–88 (9th Cir. 2008).

**PETITION DENIED.**