NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CYNTHIA SURATOS LORICA,<br><br>Petitioner,<br><br>v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>Respondent. | Nos. 16-71404<br>16-73864<br>17-71010<br><br>Agency No. A095-271-411<br><br>MEMORANDUM* |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted March 12, 2019**

Before:    LEAVY, BEA, and N.R. SMITH, Circuit Judges.

In these consolidated petitions for review, Cynthia Suratos Lorica, a native

and citizen of the Philippines, petitions for review of the Board of Immigration

Appeals' ("BIA") orders dismissing her appeal from an immigration judge's ("IJ")

decision denying her applications for adjustment of status and a waiver of

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

inadmissibility under 8 U.S.C. § 1182(h) (No. 16-71404), and denying her motions to reopen (No. 16-73864) and reconsider (No. 17-71010). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or reconsider, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petitions for review.

We lack jurisdiction to review the agency's denial of Lorica's applications for adjustment of status and a waiver of inadmissibility where the agency denied relief as a matter of discretion. *See* 8 U.S.C. § 1252(a)(2)(B)(i). While the court would retain jurisdiction over colorable questions of law and constitutional claims, Lorica's contentions that the BIA relied on facts not in the record, and failed to consider relevant arguments, factors, and evidence, are not supported by the record, and do not amount to colorable claims that would invoke our jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D); *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005) ("To be colorable in this context, . . . the claim must have some possible validity." (citation and internal quotation marks omitted)). Additionally, we do not reach Lorica's contentions regarding the IJ's discretionary analysis because our review is limited to the BIA's decision. *See Villavicencio v. Sessions*, 904 F.3d 658, 663 (9th Cir. 2018).

Because the BIA's discretionary determination is dispositive, we do not, and

17-71010

the BIA was not required to, address Lorica's contentions regarding hardship for a waiver under 8 U.S.C. § 1182(h). *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

The BIA did not abuse its discretion in denying Lorica's motion to reopen, where the record does not support her contention that the BIA failed to consider evidence. *See* 8 C.F.R. § 1003.2(c)(1); *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA did review the record).

The BIA did not abuse its discretion in denying Lorica's motion to reconsider, where the record does not support her contention that the BIA applied the heightened discretionary standard in 8 C.F.R. § 212.7(d). *See* 8 C.F.R. § 1003.2(b)(1).

To the extent Lorica challenges the validity of her criminal convictions, her contentions are not properly before the court. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011).

**PETITIONS FOR REVIEW DENIED in part; DISMISSED in part.**