**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN GONZALEZ-TORRE, AKA Juan Delatorre-Gonzalez, AKA Juan Gonzalez-De La Torre, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No. 18-72169 <br><br> Agency No. A090-532-485 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019[**]

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Juan Gonzalez-Torre, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

remand and dismissing his appeal from an immigration judge's decision sustaining

the removability charge and denying his applications for cancellation of removal,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and adjustment of status. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review for abuse of discretion the denial of a motion to remand. *Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1062 (9th Cir. 2008). We dismiss in part and deny in part the petition for review.

We do not consider the materials Gonzalez-Torre submitted with his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

We lack jurisdiction to consider Gonzalez-Torre's contentions as to the validity of his conviction for attempted grand larceny under Nevada Revised Statute §§ 205.220.1, 205.222.2, and 193.330 because this claim functions as an impermissible collateral attack upon his state court conviction. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011) (holding that petitioner could not collaterally attack his state court conviction on a petition for review of a BIA decision).

Gonzalez-Torre does not challenge the agency's determination that he is ineligible for asylum and cancellation of removal on account of his aggravated felony conviction. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir.

1996) (issues not specifically raised and argued in a party's opening brief are waived). Further, Gonzalez-Torre does not challenge the agency's determinations that he failed to meet his burden to establish eligibility for withholding of removal and relief under CAT. *See id*.

Our jurisdiction to review the agency's discretionary decision to deny Gonzalez-Torre's application for adjustment of status is limited to constitutional claims or questions of law. *See* 8 U.S.C. § 1252(a)(2)(D). To the extent Gonzalez-Torre challenges the agency's discretionary denial of adjustment of status, we lack jurisdiction to review that determination. *See* 8 U.S.C. § 1252(a)(2)(B)(i).

Finally, the BIA did not abuse its discretion in denying Gonzalez-Torre's motion to remand where Gonzalez-Torre failed to demonstrate that the new evidence he sought to submit would likely have changed the outcome of his case. *See Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (petitioners who seek to remand proceedings "bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case." (citation omitted)).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**