**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDUARDO A. ERAZO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

Nos.  15-71197
          15-71987

Agency No. A094-196-279

MEMORANDUM[*]

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted August 19, 2019[**]

Before:     SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

In these consolidated petitions for review, Eduardo A. Erazo, a native and

citizen of El Salvador, petitions for review of the Board of Immigration Appeals'

("BIA") order dismissing his appeal from an immigration judge's decision denying

relief under the Nicaraguan Adjustment and Central American Relief Act

("NACARA"), cancellation of removal, and asylum and related relief, and its order

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying his motion to reconsider. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We review for abuse of discretion the denial of a motion to reconsider. *Toor v. Lynch*, 789 F.3d 1055, 1059 (9th Cir. 2015). We deny the petitions for review.

The agency properly determined that Erazo's conviction for assault with a deadly weapon under California Penal Code ("CPC") § 245(a)(1) is categorically a crime of violence as defined in 18 U.S.C. § 16. *See United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1068 (9th Cir. 2018) (holding CPC § 245(a)(1) is categorically a crime of violence as defined in 18 U.S.C. § 16(a)). Accordingly, the agency did not err in denying NACARA relief, cancellation of removal, and asylum because Erazo had an aggravated felony conviction for which he was sentenced to at least one year of imprisonment. *See* 8 U.S.C. § 1101(a)(43)(F) ("The term 'aggravated felony' means a crime of violence . . . for which the term of imprisonment [is] at least 1 year."); 8 C.F.R. § 1240.61(b) (NACARA relief not available to an alien convicted of an aggravated felony); 8 U.S.C. § 1229b(b)(1)(C) (same for cancellation of removal); 8 U.S.C. § 1158(d) (1995) (same for asylum). Nor did the BIA abuse its discretion in denying Erazo's motion to reconsider. *See* 8 C.F.R. § 1003.2(b)(1).

Erazo's contention that he could not have acted with the necessary intent for

a conviction under CPC § 245(a)(1) due to his intoxication is a collateral attack on his criminal conviction that is not properly considered in a petition for review of a BIA decision. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011).

Erazo does not raise, and therefore waives, any challenge to the grounds on which the agency denied withholding of removal and relief under the Convention Against Torture. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived).

**PETITIONS FOR REVIEW DENIED.**