NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HANCEL ZAGAL-ALCARAZ, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 19-71409 Agency No. A206-548-304 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2020**

Before:    CALLAHAN, NGUYEN, and HURWITZ, Circuit Judges.

Hancel Zagal-Alcaraz, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for special rule cancellation of removal for battered spouses and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary denial of special rule cancellation of removal because Zagal-Alcaraz raises no colorable legal or constitutional claim. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978-80 (9th Cir. 2009) (the court's jurisdiction over challenges to the agency's discretionary determination is limited to constitutional challenges or questions of law).

In light of this disposition, we need not reach Zagal-Alcaraz's remaining contentions regarding his statutory eligibility for special rule cancellation of removal. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

We also lack jurisdiction to consider Zagal-Alcaraz's contentions regarding a new proposed social group and the IJ's failure to grant him a continuance based on his U-visa application because he did not raise them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence supports the agency's denial of CAT relief because Zagal-Alcaraz failed to show it is more likely than not he would be tortured by or

with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Zagal-Alcaraz does not raise in his opening brief, and has therefore waived, any challenge regarding due process violations related to his detention or his separation from his family. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived); *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived.").

To the extent Zagal-Alcaraz challenges the validity of his criminal conviction, that collateral attack is not properly considered in a petition for review of a BIA decision. See *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011).

We reject as unsupported by the record Zagal-Alcaraz's contentions of IJ bias and misconduct.

Zagal-Alcaraz's motion to transmit exhibit (Docket Entry No. 16) is denied.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**