**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EWING REDMOND SAMUELS, AKA Ewing Redmond Samuels III, <br><br> Petitioner, <br><br> v. <br><br> ROBERT M. WILKINSON, Acting Attorney General, <br><br> Respondent. | No. 20-71137 <br><br> Agency No. A040-140-692 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2021[**]

Before: FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Ewing Redmond Samuels, a native and citizen of Belize, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order declining to remand

and dismissing his appeal from an immigration judge's ("IJ") decision finding him

removable and that he abandoned the opportunity to file an asylum application.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Samuels does not raise, and therefore waives, any challenge to the BIA's determination not to remand for further competency analysis, the agency's removability determination, or the agency's finding that he abandoned his opportunity to apply for asylum. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived).

Samuels's contentions that the IJ and the BIA violated his right to due process fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

We do not consider the materials Samuels references in his opening brief that are not part of the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963-64 (9th Cir. 1996) (en banc).

We lack jurisdiction to consider Samuels's contentions as to the validity of his criminal conviction because the issue is not properly before the court. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir. 2011) (petitioner may not collaterally attack the state court conviction on which his removal order

was based in a petition for review of a BIA decision). In light of this disposition, we need not reach Samuels's remaining challenges related to his conviction.

Samuels's emergency motion (Docket Entry No. 27) is denied. To the extent Samuels seeks to challenge his detention, he must seek relief in district court.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**