**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RONALD VEER SINGH, AKA Ronald V. Singh, | No. 19-72242 |
| Petitioner, | Agency No. A070-148-397 |
| v. | MEMORANDUM[*] |
| ROBERT M. WILKINSON, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 10, 2021
San Francisco, California

Before: WARDLAW and GOULD, Circuit Judges, and CAIN,[**] District Judge.

Ronald Singh ("Singh"), a native and citizen of Fiji, petitions for review of

the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal

from the decision of the Immigration Judge ("IJ") (collectively the "Agency"),

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable James David Cain, Jr., United States District Judge for the Western District of Louisiana, sitting by designation.

denying his applications for adjustment of status, a waiver of inadmissibility under 8 U.S.C. § 1159(c), asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We dismiss the petition with respect to Singh's application for adjustment of status and deny the petition with respect to Singh's application for deferral of removal under the CAT.

1. Singh contends that the Agency erred in denying his application for an adjustment of status. Grounds for inadmissibility, including convictions for crimes involving moral turpitude and multiple criminal convictions, may be waived "for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest." 8 U.S.C. § 1159(c). We lack jurisdiction to review the Agency's discretionary decision whether to grant or deny a waiver of inadmissibility. 8 U.S.C. § 1252(a)(2)(C). We retain jurisdiction to review only questions of law and constitutional challenges. 8 U.S.C. § 1252(a)(2)(D); *see also Anaya-Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010). Singh claims to raise both legal and constitutional challenges concerning the exercise of that discretion. Because Singh does not raise a colorable constitutional claim or question of law, but rather asks us to re-weigh the equities involved in the Agency's decision, we lack jurisdiction over these challenges. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 979–80 (9th Cir. 2009).

Singh first contends that the Agency committed legal error when it did not

2

consider country conditions evidence and public interest factors with respect to his application for a waiver of inadmissibility. But the IJ stated that she "reviewed all evidence and weighed all factors regarding humanitarian and hardship factors, as they pertain both to [Singh] and his family members." Furthermore, in the IJ's analysis of the CAT claim, she reviewed the country conditions evidence at length. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006) ("Because there is no evidence that the IJ failed to consider [the petitioner]'s documentary evidence, we accept the IJ's general statement that he considered all the evidence before him."). Contrary to Singh's contentions, he does not establish that the Agency was legally required to explicitly consider Singh's restitution-based public policy argument. *See Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1040 (9th Cir. 2011) ("The BIA is not required to 'expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner.'" (quoting *Wang v. Bd. of Immig. Appeals*, 437 F.3d 270, 275 (2d Cir. 2006))).

We reject Singh's argument that the Agency denied him due process when it concluded that he committed a violent or dangerous crime. Specifically, Singh asserts that the agency mischaracterized the evidence and failed to consider mitigating factors including findings of Singh's diminished culpability. But this contention is in substance an abuse of discretion argument, which we do not have jurisdiction to review, even when Singh seeks to recharacterize it as a due process

3

argument. *See Mendez-Castro*, 552 F.3d at 978. Singh separately contends that the IJ's factual finding in considering the humanitarian and hardship factors violated due process because it was "based purely on conjecture and was contrary to the evidence." We do not have jurisdiction to review factual findings made in the denial of discretionary relief, *see Pechenkov v. Holder*, 705 F.3d 444, 448–49 (9th Cir. 2012), and the challenged finding by the IJ indicates that the IJ considered the evidence, balanced it, and came to a different conclusion than Singh would have preferred, *see Mendez-Castro*, 552 F.3d at 980. We therefore dismiss Singh's petition with respect to his application for a waiver of inadmissibility for lack of jurisdiction.

2. Singh contends that we should grant his petition and remand "in light of the [A]gency's failures" with respect to his CAT claim. Substantial evidence supports the Agency's finding that Singh did not establish that he will, more likely than not, be subject to torture with the acquiescence or willful blindness of a government official on return to Fiji. *See Singh v. Whitaker*, 914 F.3d 654, 663 (9th Cir. 2019). More than thirty years have passed since the attack on Singh and his parents, and circumstances in Fiji have changed significantly since Singh and his family left. *See Sowe v. Mukasey*, 538 F.3d 1281, 1288 (9th Cir. 2008) ("[J]ust as changed country conditions can defeat an asylum claim, they can also defeat a claim for CAT protection.").

4

Despite Singh's contention to the contrary, there is no indication that the IJ did not consider all relevant evidence. *See Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011). The IJ stated that she had considered all the evidence, and she explicitly discussed the evidence with respect to Singh's CAT claim for multiple pages. *See id.* at 771. Moreover, the IJ specifically addressed the possibility of a change in government, concluding that "[a]ny indications that the political situation may shift in the future are speculative and insufficient to meet [Singh]'s burden of proof that he would be subject to torture."

**PETITION DISMISSED in part and DENIED in part.**