**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FADI BASSAM ROUF SHUHAIBAR, | No. 18-72496 |
| Petitioner, | Agency No. A208-839-622 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2021[**]
San Francisco, California

Before: WALLACE, GOULD, and FRIEDLAND, Circuit Judges.

Fadi Bassam Rouf Shuhaibar, a stateless Palestinian, petitions for review of

a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal

from an order of an Immigration Judge ("IJ") denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

("CAT"). Shuhaibar contends that he fears returning to Gaza because of his nationality as a Palestinian and religion as a Christian. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the agency's determination that Shuhaibar did not establish past persecution. *Halim v. Holder*, 590 F.3d 971, 975 (9th Cir. 2009). Generally, mere harassment and discrimination do not rise to the level of persecution. *See Khourassany v. INS*, 208 F.3d 1096, 1100 (9th Cir. 2000). Although Shuhaibar and his family faced some discrimination and harassment, neither Shuhaibar nor his immediate family was physically harmed by anyone in Gaza. Furthermore, Shuhaibar graduated from a private Christian high school, still managed to attend church, and maintained employment as an engineer until he left Gaza.

Substantial evidence also supports the agency's determination that Shuhaibar did not establish a well-founded fear of future persecution. *See Halim*, 590 F.3d at 976–77. Shuhaibar's parents remain unharmed in Gaza, where they continue to reside and hold employment with overtly Christian employers. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 743–44 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). Assuming that Palestinian Christians are a disfavored group, Shuhaibar still did not demonstrate that his fear of persecution was objectively reasonable. *Lolong v.*

*Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc); *see also Sael v. Ashcroft*, 386 F.3d 922, 925 (9th Cir. 2004).

Shuhaibar contends that the agency impermissibly conflated his various asylum claim grounds and ignored his asylum claim based on his identity as a Palestinian national. But the BIA affirmed the IJ's decision on the ground that Shuhaibar did not establish past persecution or a well-founded fear of future persecution on account of any proposed social group. Shuhaibar further contends that the agency impermissibly ignored the documentary evidence of Israelis' mistreatment of Palestinians, including tactics to minimize use of electricity, water, and basic essentials. Assuming Shuhaibar preserved this argument for appeal to the BIA, the BIA adequately addressed and dismissed the argument, explaining that general concerns about the conditions in Gaza are not sufficient to establish that the Shuhaibar's fear of future persecution is objectively well-founded. *See Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir. 2000).

Shuhaibar argues that the IJ erred by providing legally insufficient reasons for reducing the weight given to Shuhaibar's expert's opinion. Improperly rejecting expert testimony is reversible legal error. *Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020) (citing *Cole v. Holder*, 659 F.3d 762, 773 (9th Cir. 2011)). In finding that the expert report contained only "a few very slight mentions of Christians living in the Gaza area," the IJ misconstrued the record. In

3

fact, the expert report contains an entire section dedicated to this topic. However, the IJ provided legally sufficient, independent reasons for concluding that the expert's report and testimony were accurate but outdated in light of more recent country conditions evidence and the apparent contradictions with Shuhaibar's testimony. Shuhaibar contends that the BIA separately erred by ignoring this argument when he raised it on appeal. "The BIA is not required to 'expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner.'" *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1040 (9th Cir. 2011) (quoting *Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006)). Even crediting the expert testimony, substantial evidence supports the BIA's determination that the combination of disfavored group evidence and evidence of particular, individualized risk is not sufficient to establish an objectively well-founded fear of persecution.

Finally, Shuhaibar waived review of the denial of his withholding of removal and CAT claims because his opening brief did not specifically and distinctly argue that the agency erred in denying these claims. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).

**PETITION DENIED.**