NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 26 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEFINA SON TECUM,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   20-71202<br><br>Agency No. A208-130-656<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2022[**]
Pasadena, California

Before:  BENNETT and COLLINS, Circuit Judges, and FOOTE,[***] District Judge.

Josefina Son Tecum, a native and citizen of Guatemala, petitions for review

of her motion to reopen her removal proceedings.  The Board of Immigration

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Elizabeth E. Foote, United States District Judge for the Western District of Louisiana, sitting by designation.

Appeals ("BIA") denied the motion because it was untimely and failed to satisfy the exception for relief based on changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

As an unaccompanied minor, Son Tecum entered the United States at El Paso, Texas without a valid entry document on or about July 8, 2015. She left Guatemala because she received between twenty and fifty threatening phone calls in which the callers demanded money and threatened to harm her and her family if she did not pay. Son Tecum did not pay any money or report the threats to the police. She also believed that she was followed on her commute to school but did not see the faces of those she thought were following her. Two or three times, unknown men shouted threats from the street outside her house, but the men ran away after Son Tecum and her family shouted for help.

The Department of Homeland Security initiated removal proceedings against Son Tecum in 2015, charging her with removability as an alien not in possession of a valid entry document. *See* 8 U.S.C. § 1182(a)(7)(A)(i)(I). At her removal hearing, Son Tecum conceded removability on that ground and admitted the underlying factual allegations. An Immigration Judge then denied her applications for asylum, withholding of removal, and protection under the Convention Against Torture, and the BIA dismissed her appeal.

Son Tecum moved to reopen about nineteen months after the BIA's decision. To be timely, a motion to reopen must generally be filed within ninety days of the BIA's final administrative decision. 8 C.F.R. § 1003.2(c)(2). But, as relevant here, "[t]here is no time limit on the filing of a motion to reopen" if it "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). Son Tecum sought to reapply for asylum based on her status as a "single, young woman." She asserted that she had new supporting evidence that was unavailable and could not have been discovered at the time of her original hearing: online articles and reports discussing gender violence in Guatemala, and a letter from her aunt describing general conditions in their village.[1]

The BIA denied Son Tecum's motion to reopen as untimely. It found that the motion did not satisfy the changed country conditions exception because Son Tecum had failed to show that: (i) she could not have presented a claim based on

---

[1] Son Tecum's aunt noted that crime had increased in the village because of increased poverty from population growth and few jobs. She said that "criminals are capable of attacking and even killing any person, for seemingly little or no reason," and that if Son Tecum "returned to her hometown, she would be in even greater danger, since the delinquents especially hate anyone who has been to the United States."

the newly proffered particular social group at her original hearing; and (ii) the asserted conditions in Guatemala had arisen since her original hearing. "The decision to grant or deny a motion to reopen . . . is within the discretion of the Board," subject to limited regulatory restrictions. 8 C.F.R. § 1003.2(a). The Board did not abuse its discretion. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1150 (9th Cir. 2010) (per curiam).

As the BIA found, Son Tecum failed to establish that conditions in Guatemala had changed since her original proceedings. And she failed to make such an argument in her motion—never comparing conditions in Guatemala at the time of her 2017 hearing to those when she filed her motion.[2] Son Tecum's argument for changed country conditions thus fails.[3]

Son Tecum's argument that the BIA failed to adequately review the evidence submitted and give it proper weight also fails. "The BIA is not required

---

[2] The closest she came to arguing that country conditions had changed was by quoting a 2019 report, which stated that "[g]ender violence in Guatemala has become utterly naturalized."

[3] In her petition for review, Son Tecum now quotes different portions of the articles and reports that she attached to her motion. These sources note the continuation of poor conditions for women and in some instances note that they have worsened, but they do not mention a change since the 2017 hearing. Son Tecum argues that "[t]he evidence submitted relates to events that occurred in 2018 and 2019." But her petition quotes only general statements of worsening conditions untethered to any specific timeline. Thus, Son Tecum has failed to show that the BIA abused its discretion. *See Go v. Holder*, 744 F.3d 604, 609 (9th Cir. 2014).

4

to expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1040 (9th Cir. 2011) (internal quotation marks and citation omitted). Instead, it need only "consider the issues raised[] and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (quoting *Lopez v. Ashcroft*, 366 F.3d 799, 807 n.6 (9th Cir. 2004). The BIA did that here. It noted that Son Tecum had "submitted new evidence showing that discrimination and violence against women is a problem in her home country" and "acknowledge[d] the existence of these societal problems in Guatemala," but concluded that she failed to show "that these conditions have arisen since her prior removal hearing." The BIA did not abuse its discretion in so concluding.

**PETITION DENIED.**