NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 27 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

HELADIO BAUTISTA SANTIAGO,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-86

Agency No.
A075-879-287

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2023[**]
Portland, Oregon

Before: RAWLINSON and SUNG, Circuit Judges, and RAKOFF, District
Judge.[***]

Heladio Bautista Santiago (Petitioner), a native and citizen of Mexico,

seeks review of the Board of Immigration Appeals' ("BIA") decision affirming

the Immigration Judge's ("IJ") denial of his applications for asylum,

---

[*] This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's factual findings for substantial evidence, and its decisions on questions of law and mixed questions of law and fact de novo. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). For the following reasons, we deny the petition.

1. Substantial evidence supports the BIA's conclusion that Petitioner's indigenous race was not "one central reason" for any feared persecution. A "central reason" is a "reason of primary importance to the persecutors," without which they would not have acted. *Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009). To be a central reason, "the protected ground . . . cannot be incidental, tangential, superficial, or subordinate to another reason for harm." *Id*. (quoting *In re J–B–N & S–M*, 24 I. & N. Dec. 208, 214 (2007)); *see also Kaur v. Garland*, 2 F.4th 823, 835 (9th Cir. 2021). Petitioner testified that the dominant cartel in his hometown extorts both indigenous and non-indigenous people, namely anyone with a business, and attacks those who fail to pay. That testimony supports the finding that, in Petitioner's case, indigenous race is not a motive that "standing alone, would have led the persecutor to harm the applicant." *Parussimova*, 555 F.3d at 741. The record does not compel the contrary conclusion that Petitioner's race would be more than a "subordinate" reason for potential persecution. *Id*.

2. The BIA correctly determined that Petitioner's proposed particularized social group of "indigenous men who are small business owners and recent

2

arrivals from the United States" is not cognizable because it lacks immutability, due in part to the changeable nature of one's occupation. *See Conde Quevedo*, 947 F.3d at 1242. We have held that occupation-based social groups like Petitioner's are too broad to qualify as a particularized social group because "[t]here is neither a voluntary relationship nor an innate characteristic to bond its members." *Ochoa v. Gonzales*, 406 F.3d 1166, 1171 (9th Cir. 2005) abrogated on other grounds by *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc); *Macedo Templos v. Wilkinson*, 987 F.3d 877, 882-83 (9th Cir. 2021) (being a "wealthy business owner" is not fundamental to an individual's identity). For similar reasons, we have also held social groups involving "recent arrivals from the United States" are not cognizable. *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151-52 (9th Cir. 2010) (rejecting proposed group of "returning Mexicans from the United States"); *Reyes v. Lynch*, 842 F.3d 1125, 1139-40 (9th Cir. 2012) (upholding the Board's rejection of purported group of "deportees from the United States to El Salvador"). Despite the limitation to "indigenous men," the proposed social group is still defined in part by occupation and lacks immutability.

3. Because Petitioner failed to establish eligibility for asylum, he necessarily failed to establish eligibility for withholding of removal. *See Sharma v. Garland*, 9 F.4th 1052, 1066 (9th Cir. 2021). The IJ's finding that Petitioner failed to establish he would "more likely than not" be persecuted based on his race, was supported by substantial evidence. *See Barajas-Romero*

3

*v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017). Petitioner also argues that the IJ failed to consider the full record in denying his statutory withholding of removal claim – namely, by ignoring country conditions evidence and the reported disappearances of indigenous students. But the IJ explicitly addressed both pieces of evidence. Further, neither the IJ nor BIA are required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1040 (9th Cir. 2011) (citation omitted); *see also Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006).

4. Even assuming Petitioner preserved his CAT claim, the record does not compel the conclusion that Petitioner is eligible for CAT relief. To be eligible, "an applicant must show 'it is more likely than not that he or she would be tortured if removed to the proposed country of removal'" and that the torture would occur "by or at the instigation of or with the consent or acquiescence of a public official." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 834 (9th Cir. 2022) (citations omitted). The threat of torture must also be particularized. *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam). The record does not compel the conclusion that Petitioner faces a particularized risk of torture. To support his claim, Petitioner points only to two unsolved extortion and torture cases involving indigenous men in his area, and reports about the disappearances of indigenous schoolchildren and the widespread discrimination and harassment facing indigenous Mexicans, especially women and children.

4

These third-person accounts do not establish a particularized risk of torture to Petitioner. *Delgado-Ortiz*, 600 F.3d at 1152 (citation omitted) ("generalized evidence of violence and crime in Mexico" is insufficient to establish eligibility for CAT relief); *see also B.R. v. Garland*, 26 F.4th 827, 845 (9th Cir. 2022) (citation omitted).

**PETITION DENIED.**