**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEONARDO BEDOLLA-CORONA, Petitioner, v. PAMELA BONDI, Attorney General, Respondent. | No. 23-478 Agency No. A216-375-972 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2025[**]
Phoenix, Arizona

Before: MURGUIA, Chief Judge, and HURWITZ and COLLINS, Circuit Judges.

Leonardo Bedolla-Corona, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming without opinion an order of an Immigration Judge ("IJ") denying cancellation of removal. Where, as here, "the BIA affirms an IJ's order without opinion, we review the IJ's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision as the final agency action." *Tapia v. Gonzales*, 430 F.3d 997, 999 (9th Cir. 2005). We have jurisdiction to review "constitutional claims or questions of law" concerning the denial of cancellation of removal, 8 U.S.C. § 1252(a)(2)(D), and review due process challenges to the BIA's decision de novo, *Grigoryan v. Barr*, 959 F.3d 1233, 1239 (9th Cir. 2020).

We deny the petition.

1. Bedolla argues the BIA denied him due process because it "simply adopted the decision of the IJ, without actually having read the transcript of the Petitioner's Board of Immigration Appeals brief." He therefore claims that the agency was "deliberately indifferent" to his appeal. We presume, however, that the BIA considered all relevant evidence. *See Larita-Martinez v. I.N.S.*, 220 F.3d 1092, 1095-96 (9th Cir. 2000). He has not overcome that presumption.

Bedolla argues that had the BIA read the brief, it would have noticed its erroneous reference to a "U.S.C. child and U.S.C. pregnant wife" and discussed that error in its order. But the error occurs only once, in the brief's Standard of Review section. The rest of the brief, including the following Argument section, does not repeat it. The BIA was not compelled to discuss this single error in its order. *See, e.g.*, *Ramirez-Villalpando v. Holder*, 645 F.3d 1035, 1040 (9th Cir. 2011) ("The BIA is not required to expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner." (cleaned up)). In any event, because

the BIA adopted the IJ's decision without an opinion, that decision is the relevant agency action. *Tapia*, 430 F.3d at 999. Bedolla does not argue that the IJ failed to consider any relevant factors.

2. Bedolla did not exhaust an ineffective assistance of counsel claim. *See Ontiveros-Lopez v. I.N.S.*, 213 F.3d 1121, 1124 (9th Cir. 2000) ("We generally will not consider a claim of error that the BIA has not first been given the opportunity to correct because to do so deprives us of the benefit of the agency's expertise and a fully developed record."). To exhaust, he must move for the BIA to reopen. *See Liu v. Waters*, 55 F.3d 421, 424 (9th Cir. 1995).

Bedolla argues that exhaustion is not required because counsel's ineffectiveness was "plain on its face." *See Guan v. Barr*, 925 F.3d 1022, 1033 (9th Cir. 2019). But, Bedolla's only support for his ineffective assistance claim is the brief's errant mention of a child and pregnant wife. This does not plainly establish inadequate performance. *See United States v. Zamudio*, 787 F.3d 961, 965 (9th Cir. 2015) ("The standard for establishing ineffective assistance of counsel under the Fifth Amendment in immigration cases is higher than the Sixth Amendment standard . . . ."). Additionally, Bedolla does not explain how this error prejudiced him. *See Mohammed v. Gonzalez*, 400 F.3d 785, 793 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED.**